By the Court:

The claimants under the first judgment, that is to say, the judgment in favor of Nickerson, the petitioner, are entitled to the money brought into court by the sheriff on the executions. The parties interested with him in the bond had notice of the arrangement, and concurred in the step which he thus took to secure their debts as well as his own against Hazel, as he had agreed to do; and they would have their action against him for the *178 amount of their respective demands on his collecting the money from Hazel, and could recover the same from him. It is distinguishable from the case of Walters et al. v. Comly, 8 Harr. 117. In that case the creditors, whose claims were included in the bond, had no notice of it. The bond was executed by a debtor in failing circumstances to a third person, without the knowledge of the creditors whose claims were embraced in it, or any communication with them on the subject, and the Court held that in such a transaction the bond did not create a trust in favor of such Creditors, but was revocable at the will of the obligor, and was consequently void as to such creditors, and the amount of their demands covered by it. But in this case the creditors had knowledge of the proceedings, and sanctioned the transaction, and consequently the bond was valid and binding, and not revocable or void as in that instance.